COURT OF APPEALS DIV I
2014 APR 28 AM II: 56


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69640-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CARLOS BENITEZ, JR., | ) | |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |

SCHINDLER, J. — Carlos Benitez Jr. challenges the October 26, 2012 court order granting the postconviction motion of the State to amend findings of fact and conclusions of law and the entry of a protective order preventing him from obtaining the discovery file, law enforcement reports, and other investigative materials. Because the State concedes that Benitez was entitled to notice of the motion and an opportunity to be heard, we grant discretionary review and vacate the October 26, 2012 order.

## FACTS

In 2010, a jury found Carlos Benitez Jr. guilty of 17 counts involving the delivery of drugs, unlawful firearm possession, and theft. The trial court imposed an exceptional sentence downward of 368 months. On appeal, we affirmed. State v. Benitez, 172 Wn. App. 1018, 2012 WL 6098271 (2012), review denied, 177 Wn.2d 1003, 300 P.3d 415 (2013).

In March 2011, while his appeal was pending, Benitez filed a postconviction motion under CrR 4.7(h)(3). CrR 4.7(h)(3) allows defense counsel to release a discovery file to the client "after making appropriate redactions which are approved by the prosecuting authority or order of the court." Benitez was represented by trial counsel at the hearing on the motion. Benitez's attorney informed the court that the necessary redactions had been made.

The State opposed the motion, citing safety concerns for the undercover officers who worked on the case, the potential revelation of strategies used in undercover and multiagency operations, and the ability of Benitez to disseminate the materials throughout the prison. The prosecutor argued Benitez had a history of harassing and threatening conduct, and redaction would not eliminate the concerns for the safety of the undercover officers. The prosecutor asked the court to enter a protective order to prevent Benitez from obtaining the discovery file.

Citing a "huge threat to the community and agency safety," the trial court denied the motion to release a copy of the discovery file to Benitez. The court also denied the State's request for a protective order. On May 25, 2011, the court entered findings of fact, conclusions of law, and an order denying "the defense request to release discovery in its entirety." Benitez filed a timely notice of appeal but later moved for voluntary withdrawal. On July 11, 2011, a commissioner of this court dismissed review.

On October 25, 2012, the State filed a motion "to Clarify Court's Findings re: Defense Post-Conviction Motion to Release Discovery." The State asked the court to clarify that the 2011 order denying Benitez's motion for a copy of discovery included

2

"law enforcement reports and other investigative materials held by defense counsel, the prosecuting attorney or other law enforcement."

At the October 26 hearing on the State's motion, the prosecutor asserted that Benitez had been frustrating the intent of the 2011 order by trying to obtain discovery materials from other sources. Benitez's trial counsel was present at the hearing but stated she was not representing Benitez and had not heard from him since July 2012. Nonetheless, the attorney offered suggestions about clarifying the 2011 order.

The court entered amended findings of fact, conclusions of law, and a protective order under CrR 4.7(h)(4) "relating to any discovery materials, law enforcement reports and investigative materials in the possession of defense counsel, the prosecuting attorney or law enforcement."

The record shows the State did not provide Benitez with notice of the motion to clarify the 2011 order denying his request for discovery or of the hearing on October 26. Benitez filed a timely notice of appeal of the October 26, 2012 amended findings of fact, conclusions of law, and protective order.[1]

## ANALYSIS

The State contends the October 26, 2012 order amending the prior discovery order and for the first time entering a protective order under CrR 4.7(h)(4) is not appealable as a matter of right because the order is neither a final judgment under RAP 2.2(a)(1) nor a final order affecting a substantial right under RAP 2.2(a)(13).

---

[1] A commissioner referred to the panel the question of whether the challenged order was not appealable as of right under RAP 2.2(a).

Because discretionary review is warranted, we need not decide whether the order is appealable as of right. See RAP 5.1(c). The undisputed record establishes the trial court committed probable error by entering amended findings of fact, conclusions of law, and a protective order without notice to Benitez or an opportunity for him to be heard. We therefore grant discretionary review. See RAP 2.3(b)(2) (discretionary review appropriate when superior court has committed probable error and the decision substantially alters the status quo or substantially limits the freedom of a party to act).

In his appeal, Benitez contends the October 26, 2012 order impermissibly expanded the earlier order denying his motion for a copy of the discovery file by prohibiting him from obtaining records from public agencies that are presumptively available under the Public Records Act (PRA), chapter 42.56 RCW. Benitez argues the protective order violated multiple provisions of the PRA and essentially constituted an improper injunction.

Although characterized as a request to "clarify" the previous order denying the request for a copy of the discovery file, the State's motion arguably sought to expand the scope of the 2011 order to encompass not only "discovery materials," but also "law enforcement reports and other investigative materials." In addition, the court granted the State's request for a protective order, relief that the court had denied in 2011.

The State now concedes that Benitez was entitled to notice and an opportunity to be heard on the motion to clarify the 2011 order and entry of a protective order. Given the substantive nature of the clarifications set forth in the October 26, 2012 order, we agree and accept the State's concession that the order should be vacated. Because we

4

No. 69640-8-I/5

vacate the October 26, 2012 order, we do not address the arguments about the legal effect of the specific language in the order or whether the order violated the provisions of the PRA.

We remand to vacate the October 26, 2012 order.

WE CONCUR:

Schindler, J.

Cox, J.

Becker, J.